**In re Betty KEZIAH, Soc. Sec. #
238–42–7844, Debtor.**

**Bankruptcy No. C–B–85–0300.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Sept. 16, 1985.

David R. Badger, Charlotte, N.C., for debtor.

Richard H. Tomberlin, Charlotte, N.C., for Jim Walter Homes, Inc.

### ORDER

ROBERT D. POTTER, Chief Judge.

THIS CAUSE came on for hearing on September 11, 1985, on the motion of Betty Keziah, Debtor, in the above-entitled and numbered action, for an Order staying enforcement of the Order entered by Marvin R. Wooten, Bankruptcy Judge on August 16, 1985 pending the Debtor's appeal therefrom.

The Debtor-appellant was represented by David R. Badger, Attorney at Law. Jim Walter Homes, Inc. was represented by Richard H. Tomberlin, Attorney at Law.

In that Order the Bankruptcy Judge relieved Creditor from the automatic stay "for such period of time as is necessary to complete foreclosure" of the Debtor's land. The Bankruptcy Judge based this ruling, in part, on 11 U.S.C. § 109(f) which provides

Nothwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(f)(2).

Relevant to § 109(f)(2), the Bankruptcy Judge made the following findings of fact which formed the basis of the Order:

1. The debtor and her husband, James Keziah, filed a petition in this court on May 13, 1981 under case No. C–B–81–0467. As a result of that petition, a Chapter 13 plan was confirmed on June 17, 1981.

2. On May 1, 1984, Mid-State Homes, Inc. filed a motion for relief from the automatic stay under § 362 of Title 11 of the United States Code in case No. C–B–81–0467.

3. On September 25, 1984, Betty Keziah obtained a dismissal of case No. C–B–81–0467.

4. On November 14, 1984, less than 180 days after her voluntary dismissal of case No. C–B–81–0467, the debtor, Betty Keziah, filed a purported Chapter 13 petition in case No. C–B–84–687.

5. On December 17, 1984, Jim Walter Homes, Inc. filed an objection to the confirmation of the debtor's Chapter 13 plan. The basis for that objection was that the debtor was not an eligible debtor under 11 U.S.C. § 109(f)(2).

6. The objection by Jim Walter Homes, Inc. was heard by this court on January 7, 1985 at which hearing the court confirmed the debtor's Chapter 13 plan in C–B–84–687.

7. On the 9th day of January, 1985, this court noticed a re-hearing of Jim Walter Homes, Inc.'s objection to confirmation. The re-hearing was held on February 4, 1985. On February 17, 1985, this court issued an order striking its prior ruling, confirming the plan, and striking debtor's petition in C–B–84–687, to which order the debtor gave notice of appeal.

8. On February 12, 1985, a notice of foreclosure of the lands of the above-captioned debtor was filed with the Clerk of Superior Court for Union County, North Carolina.

9. On February 15, 1985, a hearing was held on debtor's motion to stay for stay of this court's order dated February 7, 1985 pending debtor's appeal of that order, which motion was granted.

10. On April 11, 1985, debtor moved to dismiss her appeal and voluntarily dismissed her Chapter 13 petition in C–B–84–687.

11. On April 11, 1985 debtor filed the present Chapter 13 petition in this court.

12. That it reasonably appears that the legislature intended for 11 U.S.C. § 109(f)(2) to provide, under the circumstances of this case, for the restrained creditor to have a period of 180 days free from the automatic stay in which to proceed with collection of the debt.

13. Pursuant to 11 U.S.C. § 105(a) the court has the power to issue any order that is necessary or appropriate to carry out the provisions of this title.

The Debtor's appeal from Judge Wooten's Order of August 16, 1985 was filed in this Court on September 11, 1985 together with an Emergency Motion for Stay Pending Appeal. The foreclosure sale, however, was set for September 13, 1985.

The issue before this Court is whether the Bankruptcy Judge's Order of August 16, 1985 should be stayed pending appeal.

The Court must consider four factors in resolving this issue:

(1) the likelihood that the party seeking the stay will prevail;

(2) the prospect of irreparable injury to the party which might result without the stay;

(3) the relative certainty that no substantial harm would come to other parties if the stay were issued; and

(4) the relative absence of harm to the public interest if the stay were granted.

*In the Matter of Cretella*, 47 B.R. 382, 383–84 (E.D.N.Y.1984); *See, also, In re Anderson*, 50 B.R. 728, 733 (D.C.1985); *In re VVF Communications Corp.*, 41 B.R. 546, 549–50 (Bkrtcy.D.C.1984).

As for the first factor, Debtor has failed to persuade this Court of the likelihood of his proving the Bankruptcy Judge's Order of August 16, 1985 was improperly granted. The Bankruptcy Judge properly found

that 11 U.S.C. § 109(f)(2) applied to this case and accordingly ordered the Creditor-Appellee relief from the restraint of the automatic stay provisions of 11 U.S.C. § 362. The Debtor argued that the Bankruptcy Judge's use of 11 U.S.C. § 105(a) to order the Creditor relief was improper. Section 105(a) gives the Bankruptcy Judge power to issue any writ "necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). This Court does not believe the Bankruptcy Judge misapplied the law to the facts. The Debtor's success on the merits of the appeal is unlikely.

Second, the Debtor wishes to stay the Order in order to prevent the foreclosure on Debtor's house and thereby prevent irreparable injury to the Debtor. The Debtor has received protection under the bankruptcy laws since 1981 and during three Chapter 13 proceedings. Furthermore, N.C.Gen.Stat. § 45–21.27 provides a statutory grace period whereby Debtor may seek to have the foreclosure set aside in the unlikely event the appeal on the merits was favorable for the Debtor.

The third factor involves the injury caused to the Creditor-appellee by granting the stay. The Creditor has gone through the complicated procedures required in foreclosing in addition to having to participate in lengthy and costly bankruptcy matters due to the Debtor's sluggishness. Issuing a stay would force the Creditor back into the vicious circle from which the Bankruptcy Judge ordered it relieved.

Finally, the Debtor has failed to produce evidence that a stay would produce no harm to the public interest, in seeing that the Bankruptcy laws are not abused.

After reviewing the facts in this case along with the standards for granting a stay pending appeal, this Court is of the opinion that the Debtor's motion should be DENIED.

NOW, THEREFORE, IT IS SO ORDERED.