SANDRA COTTON, INC., Appellant,

v.

BANK OF NEW YORK, Appellee.

No. CIV–85–1322E.

United States District Court,
W.D. New York.

Aug. 14, 1986.

Thomas M. Dean, Buffalo, N.Y., for appellant.

Marvin Baum, Buffalo, N.Y., for appellee.

MEMORANDUM and ORDER

ELFVIN, District Judge.

Debtor Sandra Cotton, Inc. filed a Chapter 11 Bankruptcy petition December 14, 1984. Pursuant to section 362(d) of the Code, 11 U.S.C. § 362(d), the Bank of New York ("the Bank"), which holds a mortgage on certain of the debtor's real property sought an order lifting the automatic bankruptcy stay as to such property, asserting that the debtor had no equity in the disputed property, which consisted of certain parcels of real estate in the Town of Amherst, N.Y., with a supposed average fair market value of $60,000. As a secured creditor (mortgagee), the Bank asserted that its interest in the property would be severely prejudiced if it could not foreclose immediately.

The Bankruptcy Court granted the requested relief because it determined that the debtor did not have equity in the collateral. The debtor asks this Court to prevent the Bank from foreclosing by granting a stay pending appeal of the Bankruptcy Court's determination.

■ The issuance of a stay pending appeal is governed by Bankruptcy rule 8005. The applicable criteria are similar to those pertaining to the issuance of a preliminary injunction. Factors that a court should consider on such motion have been described as

"(1) the likelihood that the party seeking the stay will prevail; (2) the prospect of irreparable injury to the moving party which might result without the stay; (3) the relative certainty that no substantial harm would come to other parties if the stay were issued; and, (4) the relative absence of harm to the public interest if the stay were granted." *Matter of Cretella*, 47 B.R. 382, 383–384 (E.D.N.Y. 1984).

*Cf. Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70 (2d Cir.1979).

■ In this case, the debtor has failed to prove that it would be irreparably harmed because it could not be adequately compensated by legal damages for the loss of the property in question. Section 541(e) of the Bankruptcy Code, 11 U.S.C. § 541(e), provides that the debtor's estate may utilize all legal defenses available to the debtor, including personal defenses arising from a wrongful foreclosure of property. This section of the Code thus provides for the remedy of legal damages in situations where there is an unresolved dispute between a secured creditor and the debtor's estate, and the creditor wrongfully forecloses upon the disputed property. Given this fact, this Court must conclude that, in this case, the debtor has a legal remedy available to it, which availability precludes a determination that it would suffer irreparable harm if foreclosure proceeds as planned. While not addressing the question in detail, moreover, this Court finds it unlikely that the debtor has shown or could show likelihood of success on the merits or that it has shown likely harm to other parties or to the public interest. *Matter of Cretella, supra.*

Accordingly, the debtor's motion for a stay pending appeal is hereby ORDERED denied.