**In re X-CEL CONSTRUCTORS OF DELAWARE, INC., Debtor.**

**Civ. No. 87-2574 (CSF).**

United States District Court,
D. New Jersey.

July 21, 1987.

Adam Schneider, Norman H. Mesnikoff, Asbury Park, N.J., for debtor.

Jeffrey A. Cooper, Kleinberg, Moroney, Masterson & Schacter, Millburn, N.J., for First Pennsylvania Bank.

CLARKSON S. FISHER, Chief Judge.

This matter is before the Court on an Order to Show Cause temporarily Staying the Order of the Honorable William H. Gindin dated June 22, 1987, denying the application of First Pennsylvania Bank's motion in part to yield jurisdiction. Having read and considered the parties' briefs in support of their respective positions, this Court finds that the motion to stay should be denied.

On or about February 18, 1987, plaintiff filed a Complaint against Debtor and one of its principals, Leonard Tylka, Jr., to col-

lect on guarantees made by Debtor and Tylka with respect to the obligations of X–Cel Constructors, Inc., a New Jersey Corporation (X–Cel). First Fidelity, a national banking association located in Newark, New Jersey, seeks judgment on two X–Cel obligations which are in default: an $85,000.00 Term Note and a $50,000.00 Irrevocable Letter of Credit. X–Cel filed a petition pursuant to Chapter 11 of the Bankruptcy Code.

First Pennsylvania asserted a claim against debtor in the United States District Court, for the Southern District of Florida contending that the vessel "Debra V," her engines, tackle, apparel, furniture, equipment and all other necessaries appertaining and belonging, be condemned and sold to pay plaintiff's demands and claims. On February 18, 1897, the Honorable Jose A. Gonzalez, Jr., ordered the United States Marshal, by Writ of Arrest, to secure the vessel. On or about March 20, 1987, the Debtor filed the instant Chapter 11 petition of Bankruptcy.

█ Discretionary stays pending appeal are governed by Rule 62(c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 8005, and are in the nature of a preliminary injunction. The factors to be considered in determining whether a preliminary injunction should be issued are: (1) likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) irreparable injury to the moving party unless the stay is granted; (3) no substantial harm to the other interested persons; and (4) no harm to the public interest. *See West Indian Co., Ltd. v. Government of Virgin Islands,* 812 F.2d 134 (3d Cir.1987). Plaintiff contends that it will succeed on the merits because Judge Gindin did not properly review the law as to the effect of a Chapter 11 Bankruptcy filing upon a prior arrest of a vessel which forms a sole asset of a corporate debtor. I disagree. Prior arrest of the vessel does not apply here because this proceeding is a Chapter 11 proceeding rather than a Chapter 7 liquidation proceeding, and the doc-

trine of *custodia legis*[1] does not apply. *See Morgan Guaranty Trust Company of New York v. Hellenic Lines,* 585 F.Supp. 1227 (S.D.N.Y.1984). This Court also finds that the Bank has not sufficiently shown that it or a third party will suffer irreparable injuries. The issue here is whether a court of admiralty or the bankruptcy court should have jurisdiction.

█ Title 28 of the United States Code gives the federal district court original exclusive jurisdiction over "any civil cases of admiralty or maritime jurisdiction." 28 U.S.C. § 1333 (1982).

If admiralty jurisdiction is based on an in rem action, it is painfully simple to tell whether a vessel will be administered in admiralty or bankruptcy. The first court to obtain jurisdiction over the assets administers it. Thus, if the marshal, pursuant to admiralty process, has attached the vessel first, the admiralty court administers the asset. *If the bankruptcy petition is filed before the marshal reaches the vessel, the bankruptcy court administers the asset.* (emphasis added) *Morgan Guar. Trust Co. of N.Y., supra,* at 1229.

Furthermore, the bankruptcy court presiding over a reorganization seeks the continuation of the debtor's enterprise and, to that end, must marshal any assets of the business necessary to its rehabilitation. "... the powers of a bankruptcy court presiding over a reorganization are necessarily more extensive than those of a court administering a liquidation." *Coastal Production Credit v. Oil Screw "Santee,"* 51 B.R. 1018, 1020 (S.D.Ga.1985).

Applying the rules of procedure and the judicially created standards to the motion at hand, the Court concludes that the motion for a stay pending appeal of the Judgment and Order be denied.

Attorney for Debtor will submit an order.

No costs.

---

**1.** Under the doctrine of *custodia legis,* the court that first secures custody of the property administers the property. *See Morgan Guarantee Trust Co., supra,* at 1229.