**In re Arthur and Janet HAMILTON.**

**Arthur and Janet HAMILTON, Appellants,**

v.

**LOMAS MORTGAGE U.S.A., Appellee.**

Nos. 89 C 257, 88 B 9923.

United States District Court, N.D. Illinois, E.D.

Feb. 16, 1989.

Reuben Miller, Chicago, Ill., for appellants.

Richard L. Hirsh, Bashaw & Associates, P.C., Hinsdale, Ill., for appellee.

## ORDER

BUA, District Judge.

Appellants Arthur and Janet Hamilton ("the Hamiltons") filed a Chapter 13 bankruptcy petition on June 28, 1988. The petition named appellee Lomas Mortgage U.S. A. ("Lomas"), which holds the mortgage on the Hamiltons' residence, as one of the Hamiltons' creditors. On June 25, 1988, Lomas responded to the Hamiltons' petition by filing a motion requesting the bankruptcy court to either dismiss the petition or grant Lomas relief from the automatic stay. The court refused to dismiss the petition but granted Lomas relief from the automatic stay to allow Lomas to proceed with foreclosure on the Hamiltons' house. The Hamiltons moved the bankruptcy court to reconsider its order lifting the stay, but the court denied the motion. The Hamiltons then appealed to this court seeking a reversal of the bankruptcy court's order lifting the automatic stay. Presently before the court is the Hamiltons' motion for a stay of the bankruptcy court's order pending the resolution of this appeal.

Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 8005, this court has express authority to grant a stay of the bankruptcy court's order while this appeal of the order is pending. *See In re X–Cel Constructors of Delaware, Inc.,* 76 B.R. 969 (D.N.J.1987) (applying both rules); *Sandra Cotton, Inc. v. Bank of New York,* 64 B.R. 262 (W.D.N. Y.1986) (applying Rule 8005). Under both of these rules, whether a stay pending appeal should be granted in this case turns on the following factors: (1) the movant's likelihood of success on the merits of the appeal; (2) whether the movant will suffer irreparable injury if a stay pending the appeal is not granted; (3) whether other parties will suffer substantial harm if the stay is issued; (4) whether there will be harm to the public interest if the stay is issued. *Id.* Courts applying this test impose the burden on the movant to show that these factors balance in his favor and warrant issuance of a stay while the appeal is pending. *See X–Cel Constructors,* 76 B.R. at 970; *Sandra Cotton,* 64 B.R. at 263; *In re Cretella,* 47 B.R. 382 (E.D.N.Y. 1984).

In the instant case, the Hamiltons have not shown that the factors balance in their favor. First, they have not established that they will suffer irreparable harm if a temporary stay is not issued. In *Sandra Cotton,* the court held that debtors in a position similar to the Hamiltons' could be adequately compensated by damages if they lost their interest in the property through a wrongful foreclosure. The Hamiltons have offered nothing to rebut this authority. Therefore, they have failed to persuade the court that they will suffer irreparable harm.

Moreover, the Hamiltons also have not persuaded the court that there is a likelihood that they will prevail on the merits of their appeal. Under § 362(d)(1) of the Bankruptcy Code, 11 U.S.C. § 362(d)(1) (1982), the bankruptcy court has the authority to modify the automatic stay "for cause, including lack of adequate protection" of a creditor's interest in property held by the debtor. The bankruptcy court exercised that authority when it lifted the stay with respect to Lomas; it expressly stated that its basis for lifting the stay was

that Lomas' interest in the Hamiltons' residence was not adequately protected. Although the Hamiltons argue that there was adequate protection of Lomas' interest at the time the court lifted the stay, again, they do not provide sufficient legal support for their argument to warrant a finding that it is likely that they will succeed on the merits. The determination of whether adequate protection exists is based on an evaluation of the circumstances and equities of the case. *In re Langley,* 30 B.R. 595 (Bankr.N.D.Ind.1983). The bankruptcy court is in the best position to weigh those circumstances and equities. Therefore, absent a clearer showing of error, this court will not disturb the bankruptcy court's finding that Lomas' interest was inadequately protected. Accordingly, the court cannot conclude that the Hamiltons are likely to succeed on the merits.

For the foregoing reasons, the Hamiltons' motion for a temporary stay of the bankruptcy court's order lifting the automatic stay with respect to Lomas is denied.