**In re Arnold Wayne BESWICK and Evelyn Mae Beswick, Debtors.**

**No. 89 B 30265.**

United States District Court, N.D.Illinois, W.D.

April 13, 1989.

Benjamin P. Hyink, Chicago, Ill., for debtor.

## ORDER

ROSZKOWSKI, District Judge.

This actions comes before the Court on Debtor Arnold Wayne Beswick and Evelyn Mae Beswick's emergency motion for stay pending appeal pursuant to Rule 8005. For the reasons set forth in the opinion below, this Court denies debtors' motion for emergency stay pending appeal to this Court.

## DISCUSSION

■ Pursuant to Bankruptcy Rule 8005 and Rule 62(c) of the Federal Rules of Civil Procedure, this Court has been granted the express authority to grant a stay of the dismissal of the Chapter 12 proceedings by the bankruptcy court while an appeal of that order is pending before the district court. *See Sandra Cotton, Inc. v. Bank of New York,* 64 B.R. 262 (W.D.N.Y.1986) (applying Bankruptcy Rule 8005); *In re X-Cel Constructors of Delaware, Inc.,* 76 B.R. 969 (D.N.J.1987) (applying both Fed.R. Civ.P. 62(c) and Bankruptcy Rule 8005).

■ The factors which are to be considered by the district court in making the determination whether or not to grant the stay are as follows: (1) the movant's likelihood of success on the merits of the appeal; (2) whether the movant will suffer irreparable injury if a stay pending the appeal is not granted; (3) whether other parties will suffer substantial harm if the stay is issued; and (4) whether there will be harm to the public interest if the stay is issued. *In re Arthur & Janet Hamilton,* 95 B.R. 564 (N.D.Ill.1989); *X-Cel Constructors, supra; Sandra Cotton, supra.* Courts applying this four-part test impose upon the movant the burden of showing that these enumerated factors balance in the favor of the movant and warrant the issuance of the stay while appeal of the order of the bankruptcy court is pending. *X-Cel Constructors,* 76 B.R. at 970; *Sandra Cotton,* 64 B.R. at 263; *In re Cretella,* 47 B.R. 382 (E.D.N.Y.1984).

In the instant motion to grant the stay pending appeal, the movants have not adequately shown that the factors balance in their favor. First, and most importantly, debtors have not made an adequate showing of likelihood of success on the merits.

On review of a determination of the bankruptcy court, the district court cannot disturb or set aside findings of fact unless they are clearly erroneous. *In re Albert–Harris, Inc.*, 313 F.2d 447 (6th Cir.1963); *In re Johnson*, 10 B.R. 322 (W.D.Mich. 1981). However, the district court is free to make an independent examination of any questions of law or mixed questions of law and fact. *In re Morweld*, No. G82–324 (W.D.Mich. Feb. 1, 1984); *Matter of Lake in the Woods*, 10 B.R. 338 (E.D.Mich.1981). The party seeking the review of the bankruptcy court's determination bears the burden of proof. *In re Morweld, Id.*

Assuming, *arguendo*, that this Court would be presented with an appeal that necessitates a decision on some question(s) of law or mixed question(s) of law and fact thereby necessitating a *de novo* review of the findings of the bankruptcy court, there is absolutely nothing that debtors have presented to this Court which indicate any likelihood of success on the merits of that appeal. The question on appeal, as far as this Court can discern at this time, is whether there was "cause" within the meaning of Bankruptcy Code § 1208(c) which would allow the bankruptcy court, on motion of any party in interest, to dismiss the Chapter 12 case.

The two relevant provisions relied on by Judge DeGunther are as follows:

>    (1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors;
>
>    \*    \*    \*    \*    \*    \*
>
>    (9) continuing loss to or diminution of the estate and absence of a reasonable liklihood of rehabilitation.

Judge DeGunther's opinion continues as follows:

>    Several courts have interpreted these provisions to include, as cause, the lack of good faith in filing a Chapter 12 petition. *See In re Galloway Farms, Inc.,*

82 B.R. 486 (Bankr.S.D.Ia.1987). *See In re Turner*, 71 B.R. 120 (Bankr.D.Mont. 1987), and *In re Hyman*, 82 B.R. 23 (Bankr.D.S.C.1987). Thus, good faith in filing the Chapter 12 petition is a prerequisite to the Debtors maintaining this case.

98 B.R. 900, 902.

■ Judge DeGunther then sets out, in a thorough and well-documented opinion, the history of the case and the reasons for the court's finding that the second Chapter 12 petition was not a good faith filing, and consequently why dismissal of the case "for cause" pursuant to Bankruptcy Code § 1208(c) is warranted. The district court can find no reason, nor was any reason advanced by the debtors save the incompetence of debtors' former counsel, for reversing the decision of the bankruptcy court. Essentially, debtors argue that a number of well-recognized alternatives might have been explored or implemented which arguably would have resulted in a confirmed plan of reorganization. It is clear that this is insufficient to sustain the burden of showing likelihood of success on the merits of an appeal of the ruling of the bankruptcy court and thereby justify granting this emergency stay.

The second factor looks at whether the movant will suffer irreparable injury if a stay pending the appeal is not granted. The Court grants that a showing of irreparable injury has been made at least to the extent that debtors' farmland and much, if not all, of debtors' machinery may be lost to creditors at the pending state court foreclosure and replevin actions. Even in this respect, however, the Court is not fully convinced that money damages would not be available for wrongful foreclosure. *See, e.g., Sandra Cotton* at 263.

The third factor to be considered by the Court is whether other parties will suffer substantial harm if the stay is issued. The Court notes that while irreparable harm must be shown by the debtor, only substantial harm need be shown by other parties. The Court is convinced that the creditors, especially Clinton National Bank and John

Deere Company, will likely suffer substantial harm if the stay is granted. In the hearing on debtors' motion for emergency stay, creditor Clinton National Bank stated that no agreement had been entered into securing any of the creditors' interest from further depreciation, no monies had been paid to Clinton National Bank by debtors for rent or otherwise, and no arrangements had been made securing any creditors' position with respect to the 1989 crop. The Court notes, parenthetically, that between the March, 1989, hearing before Judge DeGunther and the April 12, 1989, hearing before this Court, debtors had more than adequate time to contact creditors and make whatever arrangements were necessary to secure their respective positions and overcome the creditors' and trustee's strong opposition to the instant motion for emergency stay. This militates for a finding that other parties will suffer substantial harm should the stay be granted.

The final factor to be considered is whether there will be harm to the public interest if the stay is issued. This Court believes that whatever public interests may be involved in the present action, they will be best served by a denial of the stay. If this stay is issued, debtors argue that the land will remain in use and be actively farmed. However, Clinton National Bank argues that denial of the stay will have the same practical effect, as the farm can still likely be leased for the 1989 crop. There appears to be no harm to any recognized public interest if the stay is not issued. Clearly, debtors have not made any showing to that effect before this Court.

In weighing the four factors, this Court finds the balance to be clearly tipped in favor of denial of the instant emergency motion to stay the dismissal pending appeal to the district court. The only factor weighing in favor of granting the stay is the possibility of irreparable injury to the debtors. Even this factor, however, is not clearly tipped in debtors' favor as this Court has pointed out the potential for monetary recovery for wrongful foreclosure.

Additionally, this Court points out that the four enumerated factors to be considered are very much like the factors to be considered in a temporary injunction. Like the temporary injunction, this motion for an emergency stay is considered extraordinary relief necessitating a substantial showing on the part of the debtors. In the instant case, the debtors have not come close to having the weight of the factors and equities balance in their favor.

CONCLUSION

For the reasons set forth in the opinion above, this Court denies debtors' emergency motion for stay pending appeal pursuant to Bankruptcy Rule 8005.