**In re Lee E. MADER, Debtor.**

**No. 89 C 20113.**

United States District Court, N.D. Illinois, W.D.

April 19, 1989.

---

Scott Boyd, Rockford, Ill., for plaintiff.

Stephen Balsley, Bradley Koch, Daniel Donahue, Rockford, Ill., for defendant.

Thomas J. Lester, Charles F. Helsten, Thomas & Hinshaw, Culbertson, Rockford, Ill., for Ford Motor Credit.

## ORDER

ROSZKOWSKI, District Judge.

This action comes before the Court on Debtor Lee E. Mader's motion for further stay pending appeal pursuant to Bankruptcy Rule 8005. For the reasons set forth in the opinion below, this Court grants debtor's motion for further stay pending appeal to the district court.

## DISCUSSION

Pursuant to Bankruptcy Rule 8005 and Rule 62(c) of the Federal Rules of Civil Procedure, this Court has been granted the express authority to grant a stay of the dismissal of the Chapter 12 proceedings by the bankruptcy court while an appeal of that order is pending before the district court. *See Sandra Cotton, Inc. v. Bank of New York,* 64 B.R. 262 (W.D.N.Y.1986) (applying Bankruptcy Rule 8005); *In re X–Cel Constructors of Delaware, Inc.,* 76 B.R. 969 (D.N.J.1987) (applying both Fed.R. Civ.P. 62(c) and Bankruptcy Rule 8005).

The factors which are to be considered by the district court in making the determination whether or not to grant the stay are as follows: (1) the movant's likelihood of success on the merits of the appeal; (2) whether the movant will suffer irreparable injury if a stay pending the appeal is not granted; (3) whether other parties will suffer substantial harm if the stay is issued; and (4) whether there will be harm to the public interest if the stay is issued. *In re Arthur & Janet Hamilton,* 95 B.R. 564 (N.D.Ill.1989); *X–Cel Constructors, supra; Sandra Cotton, supra.* Courts applying this four-part test impose upon the movant the burden of showing that these enumerated factors balance in the favor of the movant and warrant the issuance of the stay while appeal of the order of the bankruptcy court is pending. *X–Cel Constructors,* 76 B.R. at 970; *Sandra Cotton,* 64 B.R. at 263; *In re Cretella,* 47 B.R. 382 (E.D.N.Y.1984).

Initially, this Court notes that the above-enumerated factors are very much like the factors to be considered in a temporary injunction. Like the temporary injunction, this motion for further stay pending appeal is in the nature of extraordinary relief necessitating a substantial showing on the part of the debtor.

The first factor to be considered by this Court in determining the instant motion for further stay pending appeal is the debtor's likelihood of success on the merits of the appeal. On review of a determination of the bankruptcy court, the district court cannot disturb or set aside findings of fact unless they are clearly erroneous. *In re Albert–Harris, Inc.,* 313 F.2d 447 (6th Cir. 1963); *In re Johnson,* 10 B.R. 322 (W.D. Mich.1981). However, the district court is free to make an independent examination of any pure questions of law or mixed questions of law and fact. *In re Morweld,* No. G82–324 (W.D.Mich. Feb. 1, 1984); *Matter of Lake-in-the-Woods,* 10 B.R. 338 (E.D.Mich.1981). The party seeking the review of the bankruptcy court's determination bears the burden of proof. *In re Morweld, supra.*

In the present case, the substantive question which would be before this court on appeal appears to be a pure question of law regarding the interrelationship between Bankruptcy Code § 1227 and Bankruptcy Code § 1229. More specifically, the anticipated appeal would ask how the two Code sections should be read when there is an apparent conflict in the result which each of the Code sections, standing alone, would dictate.

The bankruptcy court cited only one relevant case, *In re Grogg*, 91 B.R. 482 (Bankr. N.D.Ind.1988). This court, however, has identified at least two other relevant cases. *See In re Pearson*, 96 B.R. 990 (Bankr.D.S. D.1989) and *In re Cooper*, 94 B.R. 550 (Bankr.S.D.Ill.1989). And while the *Grogg* case does lend support to the conclusion reached by the bankruptcy court in the instant case, the *Pearson* case may well support the opposite result.

This Court does not intend to go so far as to actually determine the merits of the legal issues which will be presented on appeal. Suffice it to say, however, that we have not found, nor been cited to, any controlling authority on this precise question, and the novel legal issue presented is not one in which the debtor has no likelihood of success. This case will likely present an issue of first impression and, on balance, the likelihood of success on the merits does not appear to weigh too heavily in favor of, or against, any of the parties to this proceeding.

The second factor which the Court looks at is whether the movant will suffer irreparable injury if a stay pending the appeal is not granted. The Court holds that a showing of irreparable injury has been made at least to the extent that debtor's farmland and much, if not all, of debtor's personal property may be lost to creditors at foreclosure and replevin proceedings. While the Court is not fully convinced that in the appropriate circumstances money damages would not be available for wrongful foreclosure, *see, e.g., Sandra Cotton, supra* at 263, the Court concedes that this factor still weighs in favor of the debtor.

The third factor to be considered by the Court is whether other parties will suffer substantial harm if the stay is issued. The Court notes that while irreparable harm must be shown by the debtor, only substantial harm need be shown by other parties such as creditors. The Court is convinced, based on the entire record as well as the testimony at the hearing of April 18, 1989, that the creditors here are totally secured or in some instances oversecured, and that their interests are fully protected should the stay issue.

The fourth and final factor to be considered is whether there will be harm to the public interest if the stay is issued. This Court believes that debtor's argument that the land will remain in use and be actively farmed is somewhat persuasive. While the Court recognizes that the mortgage holder will likely attempt to find some other parties to farm the land should a foreclosure action proceed, this Court holds that no harm to the public interest would appear to flow from the issuance of this stay pending appeal, and on balance this factor would weigh in favor of the debtor.

In weighing the four factors, this Court finds that the balance tips in favor of granting the debtor's motion to further stay the proceedings pending appeal to the district court pursuant to Bankruptcy Rule 8005. While the "likelihood of success" factor does not appear to strongly weigh in favor of any of the instant litigants, the other three factors do weigh in favor of the debtor in varying degrees. There will be irreparable harm occasioned by the denial of issuance of this stay, no substantial harm will be suffered by other parties if the stay is issued, and there will be no harm to the public interest if the stay is granted.

Therefore, based on the foregoing, this Court finds that the four enumerated factors weigh substantially in favor of the debtor, Lee E. Mader, and the Court grants debtor's motion for further stay pending appeal to the district court pursuant to Rule 8005.

## CONCLUSION

For the reasons set forth in the opinion above, this Court grants debtor's motion for further stay pending appeal to the district court pursuant to Bankruptcy Rule 8005.