**In re WISTON XXIV LIMITED PARTNERSHIP.**

**BALCOR PENSION INVESTORS V, Plaintiff/Appellee/Cross–Appellant,**

v.

**WISTON XXIV LIMITED PARTNERSHIP, Defendant/Appellant/Cross–Appellee.**

Civ. A. No. 93–4097–DES.
Bankruptcy No. 91–40410–11.

United States District Court, D. Kansas.

Nov. 18, 1993.

William H. Zimmerman, Jr., Minter, Case & Zimmerman, Wichita, KS, Joel Pelofsky, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, for Wiston XXIV Limited Partnership.

Harry D. Dixon, Jr., Dixon & Dixon, P.C., Omaha, NE, for Robert L. Thompson, Wiston Management Inc.

Jonathan A. Margolies, McDowell, Rice & Smith, P.C., Kansas City, MO, Michael L. Molinaro, Katten, Muchin & Zavis, Chicago, IL, for Balcor Pension Investors V.

Douglas G. Peterson, Western Resources, Inc., Topeka, KS, for Western Resources, Inc.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the appeal taken by the debtor, Wiston XXIV Limited Partnership ("Wiston") from the orders of the bankruptcy court filed on April 2, 1993, denying confirmation of the debtor's fourth amended plan of reorganization under Chapter 11 and granting relief from the automatic stay. The creditor, Balcor Pension Investors V ("Balcor"), cross-appeals from the order denying confirmation and from certain other orders of the bankruptcy court. In addition, Balcor has filed a motion seeking relief from a subsequent order of the bank-

ruptcy court granting the debtor's request for a stay pending the outcome of its appeal.

The parties have designated the record on appeal[1] and have submitted their respective statements of the issues pursuant to Bankruptcy Rule 8006. The parties have also submitted briefs on their respective positions with regard to the bankruptcy court's stay order issued under the authority of Bankruptcy Rule 8005. Because the record on appeal has not been completed, it would be premature for this court to address the specific issues raised in the appeal and the cross-appeal.[2] However, the court is prepared to rule on Balcor's motion to vacate the stay order filed by the bankruptcy court on May 12, 1993 (Doc. 3).

The facts underlying this dispute have previously been set forth in the memorandum decision of this court filed November 12, 1992. *See In re Wiston XXIV Ltd. Partnership,* 147 B.R. 575, 577–78 (D.Kan.1992), *appeal dismissed,* 988 F.2d 1012 (10th Cir. 1993). Upon remand by this court, the bankruptcy court permitted Balcor to proceed with its foreclosure action in state court. On February 17, 1993, the Johnson County District Court issued its judgment of foreclosure in favor of Balcor, and on April 2, 1993, the bankruptcy court granted Balcor's request to remove the restrictions the court had imposed on the foreclosure of the mortgage held by Balcor on the apartment complex. The foreclosure sale of the property was scheduled to take place on April 30, 1993. On April 21, 1993, the bankruptcy court denied reconsideration of its order denying confirmation of Wiston's fourth reorganization plan and granting Balcor relief from the automatic stay. However, on April 29, 1993, a hearing was held on Wiston's motion for stay pending appeal. At the hearing, all parties agreed that the legal issues in dispute would be moot if the foreclosure sale were to go forward. The bankruptcy court ordered postponement of the foreclosure sale, and ultimately granted Wiston's motion for a stay pending appeal.

In granting the stay order, the bankruptcy court set certain conditions for the protection of Balcor's interests. First, the court ordered Wiston to surrender operation of the apartment complex to Balcor or its designee. Second, all cash generated from the complex was ordered to be paid over to Balcor on a monthly basis. The court reasoned that placing control of the property in Balcor would allow the creditor to minimize the risk of loss of property value and diminution of cash flow. Third, the court allowed Balcor to market the property for $10.3 million, the value the court had assigned to the property, and the debtor was ordered to offer the property for sale at that price. If an offer is made to purchase the property at that price, either party may submit a motion to the bankruptcy court to approve such an offer. Wiston was also ordered to post a $50,000 bond to cover any costs or damages awarded to Balcor as a result of the stay. Finally, the stay order specifically stated it was issued "without prejudice to the rights of Balcor to seek additional protection of its interest in the property upon cause shown."

The scope of appellate review of stay orders issued under Rule 8005 is limited to the threshold of clear abuse of discretion. *See In re First South Savings Ass'n,* 820 F.2d 700, 707, 709 (5th Cir.1987); *In re Gleasman,* 111 B.R. 595, 599 (Bankr. W.D.Tex.1990) (citing *In re Rhoten,* 31 B.R. 572 (M.D.Tenn.1983)); *see also In re Wymer,*

---

1. Transcripts of the hearings held on December 22, 1992, March 24, 1993, and April 13, 1993, while designated by the parties as part of the record on appeal, have not yet been filed with this court. However, all of the other documents designated by the parties for inclusion in the record on appeal have been transmitted to this court pending the completion and filing of the three missing transcripts.

2. On September 3, 1993, this court issued an order directing the parties to show cause why this court should not stay this appeal pending

determination of the Tenth Circuit Court of Appeals on a separate appeal taken by Wiston from the order of the bankruptcy court entered April 9, 1993, and from this court's order filed November 12, 1992, which held that the post-petition rents constituted cash collateral. On October 5, 1993, the Tenth Circuit dismissed Wiston's appeal for lack of jurisdiction. An earlier appeal taken by Wiston from this court's November 12, 1992, order was also dismissed for lack of jurisdiction. *See In re: Wiston XXIV Ltd. Partnership,* 988 F.2d 1012 (10th Cir.1993).

5 B.R. 802, 807–08 (Bankr. 9th Cir.1980) (rationale for rule granting bankruptcy court great discretion in granting stays pending appeal). *But see In re Public Service Co.,* 116 B.R. 347, 349 n. 2 (Bankr.D.N.H.1990) (Rule 8005 clearly contemplates *de novo* review by appellate court). Further, the bankruptcy judge may design stays to avoid unjust results, by taking into consideration all exigencies of the entire bankruptcy case. *In re Gleasman,* 111 B.R. at 599–600.

■ In this case, the bankruptcy court employed the proper four-part analysis for determining whether such a discretionary stay should be granted, which is the same standard that applies to a request for a preliminary injunction. *See In re First South Savings Ass'n,* 820 F.2d at 709; *In re Mader,* 100 B.R. 989, 990 (N.D.Ill.1989) (citations omitted); *In re Duncan,* 107 B.R. 758, 759 (W.D.Okla.1988) (standard for determining whether to grant stay is same as that used to determine whether to grant preliminary injunction); *In re Public Service Co.,* 116 B.R. at 348 (movant for stay must generally make same showing as for obtaining preliminary injunction); *In re Gleasman,* 111 B.R. at 599 & n. 8 (citing *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir.1981)); *In re Candor Diamond Corp.,* 26 B.R. 844, 847 (Bankr.S.D.N.Y.1983) (citations omitted). The bankruptcy court determined that Wiston is substantially likely to eventually prevail on the merits of its appeal;[3] that Wiston would suffer irreparable harm if the stay were not granted, because the apartment complex could not be brought back into the estate once sold; and that the stay would not cause substantial harm to other parties, especially given the conditions imposed by the court to protect Balcor's interest in preserving the value and marketability of the property. While the court did not specifically find that the issuance of the stay would serve the public interest, the court did note that the stay would preserve the debtor's ability to reorganize, which would potentially benefit unsecured creditors who otherwise would have little prospect of being paid. This court cannot conclude that the bankruptcy court committed a clear abuse of its discretion in granting Wiston a stay pending the resolution of its appeal.

■ The bankruptcy court, in the exercise of its discretion, carefully fashioned its stay order so as to protect Balcor's interests in the property and the rent proceeds pending the outcome of the appeal. Balcor contends that that amount of the bond set by the bankruptcy court is inadequate. However, the form, amount, and sufficiency of the security given the adverse party upon granting such a stay are generally matters within the discretion of the bankruptcy court. *In re Gleasman,* 111 B.R. at 602. This court is not persuaded that the bankruptcy court abused its discretion in setting the amount of the bond, considering the other conditions imposed in granting the stay.

**IT IS BY THE COURT THEREFORE ORDERED** that the motion to vacate stay order pending appeal (Doc. 3) is hereby denied.

---

**3.** One of the three issues Wiston raises on appeal is whether or not this court properly characterized the post-petition rents in this case as Balcor's cash collateral, a ruling necessarily applied by the Bankruptcy Court on remand in declining to confirm the debtor's reorganization plan. Had *this* court been presented with the motion seeking a stay pending appeal, a different result might have been reached with regard to whether the appellant is likely to prevail in its appeal. Nevertheless, in its appellate capacity this court's duty is to review the analysis applied by the bankruptcy court for a clear abuse of discretion. It is not the function of the appellate tribunal in this instance to substitute its judgment for that of the court below.

As this court noted in its memorandum and order filed November 12, 1992, the primary legal issue in dispute is a significant question of law in the bankruptcy context which has not heretofore been considered at the appellate level on the basis of Kansas property law. As a novel legal issue, this court cannot say that the debtor has no likelihood of success on appeal. *See In re Mader,* 100 B.R. 989, 990 (N.D.Ill.1989) (absent controlling authority on the precise question presented, the novel issue is not one in which the debtor has no likelihood of success on the merits).