**In re GENERAL CREDIT CORP., et al.**

**No. M–47 (JSR).**

United States District Court, S.D. New York.

Oct. 8, 2002.

Joshua J. Angel, Michele E. Cosenza, Angel & Frankel, P.C., New York City, for debtors.

Isaac Nutovic, Nutovic & Associates, New York City, Barry R. Feerst, P.C., Brooklyn, NY, for appellants.

*MEMORANDUM ORDER*

RAKOFF, District Judge.

The instant motion implicates the surprisingly unresolved question of how strong a showing on the underlying merits must be made by a party seeking a stay of an order of the bankruptcy court pending appeal of that order to the district court.

By way of background, on September 20, 2002, the Honorable Cornelius Blackshear, United States Bankruptcy Judge, issued an order, pursuant to 11 U.S.C. § 362(a) and 11 U.S.C. § 542(a), directing General Credit of Brooklyn, Inc., Bernard

Schwartz, and Samuel Schwartz ("Appellants") to vacate certain premises at 669 Kent Avenue, Brooklyn leased to Carly Holding, Inc., one of the debtors ("Debtors") in this action. On September 24, 2002, Appellants, in conjunction with noticing an appeal from that order, filed a motion, pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure, seeking a stay of the order pending appeal.[1] On September 26, 2002, after consideration of the parties' briefs and oral arguments, the Court issued a Memorandum Order denying the stay. *See* Memorandum Order dated September 26, 2002 (the "September 26 Order"). On September 30, Appellants moved for reconsideration of the September 26 Order, and Debtors replied in turn.

In the September 26 Order, the Court, in reliance on *In re T.R. Acquisition Corp.*, 208 B.R. 635 (S.D.N.Y.1997), and *Green Point Bank v. Treston*, 188 B.R. 9 (S.D.N.Y.1995), held that a party seeking a stay under Rule 8005 had to show, so far as the strength of its case was concerned, "the strong likelihood of success on the merits of the appeal." *See In re T.R. Acquisition Corp.*, 208 B.R. at 636; *Green Point Bank*, 188 B.R. at 11. In their instant motion, Appellants argue that the strength-of-the-case standard articulated in these two prior cases is erroneous and that the proper standard is either, as some cases have suggested and as the Court initially believed, *see* transcript, September 25, 2002, the standard that governs preliminary injunction motions, *see, e.g., In re Turner Spares, Ltd., Inc.*, 210 B.R. 235, 236 (S.D.N.Y.1997); *Sandra Cotton, Inc. v. Bank of N.Y.*, 64 B.R. 262, 263 (W.D.N.Y.

1986); *In re de Kleinman*, 150 B.R. 524, 528 (Bankr.S.D.N.Y.1992), or, as other cases have suggested, the standard that governs stays of district court orders pending appeals to the circuit courts, *see, e.g., In re Standard Automotive Corp.*, 2002 WL 31007423, at *1 (S.D.N.Y. Sep.6, 2002); *In re Albert*, 2002 WL 1432663, at *2–3 (Bankr.S.D.N.Y. June 20, 2002).

■ As to the first suggested alternative, a party seeking a preliminary injunction need only show, so far as the strength of its case is concerned, "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir.2002). But this standard presupposes no prior judicial ruling. Where, as here, a lower court has already ruled adversely to the proponent of the stay, respect for that ruling and concern for husbanding scarce judicial resources counsels a higher burden.

■ Appellants' second suggestion has more to recommend it. To obtain a stay of a district court's order pending appeal to a circuit court, the movant must show, so far as strength-of-the-case is concerned, " 'a substantial possibility, although less than a likelihood, of success on appeal....' " *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir.1993) (quoting *Hayes v. City Univ. of N.Y.*, 503 F.Supp. 946, 963 (S.D.N.Y.1980)); *accord, e.g., LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir.1994). Logi-

---

1. While, under Bankruptcy Rule 8005, a party seeking a stay pending appeal must ordinarily apply to the bankruptcy court in the first instance, *see Green Point Bank v. Treston*, 188 B.R. 9, 11 (S.D.N.Y.1995), Judge Blackshear's express direction to Appellants, in denying their opposition to Debtors' motion to vacate, to proceed directly to the District Court, *see* transcript, September 18, 2002 at 9, obviates the need for the further application in these circumstances.

cally, this standard should also govern the granting of a stay pending appeal to a district court from a bankruptcy court order, both as a matter of consistency among courts and because the same underlying factors are implicated.

As for the still higher standard of "strong likelihood" of success enunciated in *In re T.R. Acquisition Corp.* and *Green Point Bank, supra,* (and previously adopted by this Court in the September 26 Order), a close analysis of the precedents on which its articulation in those two cases rests shows that it ultimately traces back, directly or indirectly, to cases such as *Sandra Cotton,* 64 B.R. at 263; *Matter of Cretella,* 47 B.R. 382, 383–84 (E.D.N.Y. 1984); and *In re East Redley Corp.,* 20 B.R. 612, 613 (Bankr.E.D.Pa.1982), cases that actually enunciate a very different proposition. For example, one of the cases on which both *In re T.R. Acquisition Corp.* and *Green Point Bank* rely for their "strong likelihood" language is *In re Advanced Mining Systems, Inc.,* 173 B.R. 467, 468 (S.D.N.Y.1994). That case, however, derives the "strong likelihood" requirement from *In re Charles & Lillian Brown's Hotel, Inc.,* 93 B.R. 49, 53 (Bankr. S.D.N.Y.1988), which in turn relies, first and foremost, on *Sandra Cotton,* 64 B.R. at 263. But the court in *Sandra Cotton,* after stating that "[t]he applicable criteria are similar to those pertaining to the issuance of a preliminary injunction," *id.* at 263, simply notes that among the "[f]actors that a court should consider" on a motion for a stay pending appeal of a bankruptcy court order is " 'the likelihood that the party seeking the stay will prevail....' " *Id.* (quoting *Matter of Cretella,* 47 B.R. at 383–84). More generally, if one traces all the "strong likelihood" cases back to original sources, one finds that none of those sources actually requires such an onerous burden, and most do not even use the word "strong."

Accordingly, the Court concludes, on reconsideration, that the proper standard governing the strength-of-the-case component of a motion for a stay pending appeal of a bankruptcy court order is "substantial possibility" of success on the merits—*i.e.,* the same standard utilized on a motion to stay a district court's order pending appeal to the Court of Appeals—rather than the "strong likelihood" of success standard that the Court applied in the September 26 Order.

█ Even after applying this less onerous standard, however, the Court concludes it must still deny Appellants' motion for a stay. As detailed at oral argument, *see* transcript, September 25, 2002, Appellants, who were ordered to vacate premises in which they had no leasehold interest whatever at the time the Bankruptcy Court issued its order, have shown no more than that they have some interesting arguments that the Court cannot reject out-of-hand but that hardly rise to the level of "substantial possibility" of success.

Moreover, regardless of the applicable standard governing the strength of Appellants' case, Appellants must, under any standard, also show that they will suffer irreparable harm if the stay of the bankruptcy court order is not granted. While previously Appellants arguably made this showing by alleging that being forced to vacate the premises (where they had been situated for many years) would irreparably harm their business, Debtors allege, and Appellants have not disputed, that Appellants have since relocated to nearby premises and continued their business without material interruption. *See* Debtors' Mem. at 4. Consequently, they can no longer show that they will suffer irreparable injury absent a stay. *See Hirschfeld,* 984 F.2d at 39; *see also Random House,* 283 F.3d at 491.

Accordingly, for each and all of the aforementioned reasons, the Court, upon reconsideration, adheres to its prior determination to deny the stay.

SO ORDERED.