In re John A. DEEP, Debtor.

In re BuddyUSA, Inc., Debtor.

In re AbovePeer, Inc., Debtor.

Bankruptcy Nos. 02–11552, 02–11755, 02–11745.

Nos. CIV.A. 03–CV–20(LEK), CIV.A. 03–CV–21 (LEK), 03–CV–22 (LEK).

United States District Court, N.D. New York.

Jan. 16, 2003.

**28**

Thuillez, Ford, Gold & Johnson, Albany, NY, for John A. Deep.

Nolan & Heller, LLP, Albany, NY, for BuddyUSA, Inc. and AbovePeer, LLP

Andrea E. Celli, Albany, NY, trustee.

Kim F. Lefebvre, Albany, NY, for Carolyn S. Schwartz, U.S. Trustee.

### MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

Currently pending before the Court is a Motion for Order Granting Stay Pending Appeal Pursuant to Bankruptcy Rule 8005 filed by debtors John A. Deep ("Deep"), BuddyUSA, Inc., and AbovePeer Inc. (collectively "Debtors"). Opposing the motion are various record companies, music publishers, and movie studios. Oral argument was heard on January 15, 2003. For the reasons given below, Debtors motion is denied.

## I. Background

Debtors are currently the defendants in a copyright infringement action consolidated by the Judicial Panel on Multi–District Litigation in the United States District Court for the Northern District of Illinois before Chief Judge Marvin E. Aspen (the "MDL action" and the "MDL Court" or "Judge Aspen"). The Plaintiffs in the MDL action represent various record companies and music publishers.

In December 2001, certain Plaintiffs moved for a preliminary injunction enjoining Debtors from infringing Plaintiffs' copyrights by operating a computer system known as "Aimster." While this motion was pending, Deep filed a petition under Chapter 13 of the Bankruptcy Code

and AbovePeer and BuddyUSA filed petitions under Chapter 11 of the Bankruptcy Code. The Chapter 11 filings automatically stayed the proceedings before Judge Aspen. *See In re John A. Deep, In re Above-Peer, In re BuddyUSA Inc.*, 279 B.R. 653, 655–56 (Bankr.N.D.N.Y.2002) (discussing background to bankruptcy cases).

On May 1, 2002, certain Plaintiffs in the MDL action filed in the Bankruptcy Court for the Northern District of New York a motion for relief from the automatic stay. On June 18, 2002, the Bankruptcy Court, Judge Littlefield, issued an order (the "June 18 Order") lifting the automatic stay "for the limited purpose of permitting [the movants] to request the MDL Court to issue its decision on the pending preliminary injunction motion." *In re John A. Deep, In re AbovePeer, In re BuddyUSA Inc.*, 279 B.R. at 660. The June 18 Order also provided that "the MDL Court may render its decision and enforce any of its terms, provided they are consistent with the terms of this order and the provisions of Title 11." *Id.*

On September 24, 2002, Judge Aspen issued a Memorandum Opinion and Order granting Plaintiff's Motion for Preliminary Injunction. *In re Aimster Copyright Litigation*, No. 01–C–8933, 2002 WL 31006142 (N.D.Ill. Sept.4, 2002). The Preliminary Injunction Order was entered on October 30, 2002. *In re Aimster Copyright Litigation*, No. 01–C–1425, 2002 WL 31443236 (N.D.Ill. October 30, 2002). Debtors have appealed this order to the Seventh Circuit. Affidavit of John A. Deep in Support of Order to Show Cause ¶ 6, Docket No. 2 ("Deep Aff."). The Seventh Circuit has denied Debtors' motion for a stay pending the appeal. Order Denying Emergency Stay Pending Appeal, dated December 20, 2002 (attached as Exhibit 2 to Declaration of Terence J. Devine, Docket No. 7).[1]

On November 20, 2002, the MDL Plaintiffs filed a Motion for Order to Show Cause Re Contempt on the grounds that Debtors had failed to comply with the preliminary injunction order. On December 2, 2002, Judge Aspen issued a Temporary Restraining Order (the "TRO") requiring Debtors, *inter alia*, to "disable and disconnect any and all computers, including servers, used in connection with the website, server, hardware, software, or any other system or service owned or controlled by Aimster." Temporary Restraining Order at 2 (Exhibit 10). Deep states that "the debtors are now liable to pay all costs and attorneys' fees incurred in bringing the Motion Re Contempt, as well as $51,000 in fines." Deep Aff. ¶ 9.

On December 4, 2002, Debtors filed in the Bankruptcy Court a stay application pursuant to Bankruptcy Code § 105(a). Application for Relief Pursuant to Bankruptcy Code Section 105(a) (Exhibit 11). Debtors' principle argument in support of their stay application was that Judge Aspen had not adhered to the terms of the Bankruptcy Court's June 18 Order. In an Order dated December 6, 2002 (the "December 6 Order"), the Bankruptcy Court denied Debtors' stay application. Order Denying Section 105(a) Relief, dated December 6, 2002 (Exhibit 12). In particular, the Bankruptcy Court "determined that Judge Aspen was within the parameters of this Court's earlier order entered June 18, 2002." *Id.* at 1. Debtors have appealed the December 6, 2002 Order. Debtors now seek pursuant to Bankruptcy Rule 8005 a stay of the December 6 Order pending the

---

1. All references to Exhibits herein are to exhibits attached to the Declaration of Terence J. Devine.

**30**

resolution of the appeal from the December 6 Order.

## II Discussion

Courts evaluate a motion for a stay pending appeal from the Bankruptcy Court under the standard that is employed to evaluate a motion to stay a district court's order pending appeal to the Court of Appeals. *In re General Credit Corp.*, 283 B.R. 658, 659–660 (S.D.N.Y.2002). Under this standard the Court must consider the following factors:

(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interest that may be affected.

*Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir.1993) (citations and internal quotation marks omitted). "[Movant's] failure to satisfy one prong of the standard for granting a stay pending appeal dooms the motion." *Covanta Onondaga Ltd. P'ship v. Onondaga County Resource Recovery Agency*, No. 02–CV–492, 2002 WL 31399797, at *2 (N.D.N.Y. Oct.24, 2002) (quoting *Green Point Bank v. Treston*, 188 B.R. 9, 12 (S.D.N.Y.1995)).

Debtors have failed to demonstrate a substantial possibility that they will succeed in their appeal from the December 6 Order. In the December 6 Order, Judge Littlefield found that Judge Aspen had not exceeded the bounds of the June 18 Order. On appeal, this Court will accord "customary appellate deference" to Judge Littlefield's interpretation of his own order. *See In re Casse*, 198 F.3d 327, 333 (2d Cir. 1999) (quoting *Colonial Auto Ctr. v. Tomlin*, 105 F.3d 933, 941 (4th Cir.1997)); *Milligan v. Hetra Computer & Communication Industries, Inc.*, No. 99–CIV–10463,

2000 WL 1201459, at *4 (S.D.N.Y. Aug.22, 2000). Judge Littlefield's interpretation of his June 18 Order appears eminently reasonable. The June 18 Order expressly provided that in the event that Judge Aspen issued a preliminary injunction he could enforce its terms, provided they are consistent with the terms of the June 18 Order and the provisions of Title 11. The rulings that Judge Aspen has made subsequent to the issuance of the preliminary injunction appear to be aimed at enforcing the terms of the preliminary injunction. Those rulings do not seem to be inconsistent with the terms of the June 18 Order or the provisions of Title 11. Debtors have therefore failed to demonstrate that there is a substantial possibility that they will be able to show that Judge Littlefield incorrectly interpreted his June 18 Order. Because Debtors have failed to show that there is a substantial possibility of success on appeal, the Court denies their motion for a stay pending appeal.

## III Conclusion

Accordingly, it is hereby:

ORDERED that Debtors' Motion for Order Granting Stay Pending Appeal Pursuant to Bankruptcy Rule 8005 is **DENIED;** and it is further

ORDERED that the stay entered on January 3, 2003 is **VACATED;** and it is further

ORDERED the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.