**RANDOM HOUSE, INC.,**
**Plaintiff–Appellant,**

v.

**ROSETTA BOOKS LLC and Arthur M. Klebanoff, in his individual capacity and as principal of Rosetta Books LLC, Defendants–Appellees.**

**Docket No. 01–7912.**

United States Court of Appeals, Second Circuit.

Argued Jan. 24, 2002.

Decided March 8, 2002.

R. Bruce Rich, Weil, Gotshal & Manges LLP (Jonathan Bloom, Jonathan S. Shapi-

ro, on the brief), New York, NY, Attorneys for Plaintiff–Appellant.

Roger L. Zissu, Fross Zelnick Lehrman & Zissu, P.C. (Michael J. Boni, Robert J. LaRocca, Joanne Zack, Kohn, Swift & Graf, P.C., on the brief), New York, NY, Attorneys for Defendants–Appellees.

Proskauer Rose LLP, New York, NY, (Jon A. Baumgarten, Charles S. Sims, on the brief) for Amicus Curiae, The Association of American Publishers, in support of Plaintiff–Appellant.

Cowan, Debaets, Abrahams & Sheppard LLP, New York, NY, (David B. Wolf, Laura B. Gilbert, on the brief) for Amicus Curiae, The Authors Guild, Inc. and Association of Authors' Representatives, Inc., in support of Defendants–Appellees.

Before NEWMAN and KEARSE, Circuit Judges, and RAKOFF, District Judge.*

PER CURIAM.

■ Random House, Inc. appeals from the denial of a preliminary injunction that sought to enjoin appellee Rosetta Books LLC ("Rosetta") from continuing to sell as "ebooks" certain novels whose authors had granted Random House the exclusive right to publish, print, and sell their copyrighted works "in book form." The denial of a preliminary injunction is generally reviewed for abuse of discretion. *See Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 172 (2d Cir.2001).

■ A party seeking a preliminary injunction in this Circuit must show: (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in

the movant's favor. *Id.; ABKCO Music, Inc. v. Stellar Records, Inc.,* 96 F.3d 60, 64 (2d Cir.1996). Because, however, an exclusive licensee can, as here, sue for copyright infringement, *see* 17 U.S.C. § 501(b), and because a *prima facie* case of copyright infringement gives rise to a presumption of irreparable harm, the requirement of proof of irreparable harm can in such a case effectively be met by proof of a likelihood of success on the merits. *ABKCO Music, Inc.,* 96 F.3d at 64.

■ Here, however, the district court did not abuse its discretion in concluding that appellant had not established the likelihood of its success on the merits. To be sure, there is some appeal to appellant's argument that an "ebook"—a digital book that can be read on a computer screen or electronic device, *see Random House, Inc. v. Rosetta Books LLC,* 150 F.Supp.2d 613, 614–15 (S.D.N.Y.2001)—is simply a "form" of a book, and therefore within the coverage of appellant's licenses. But the law of New York, which determines the scope of Random House's contracts, has arguably adopted a restrictive view of the kinds of "new uses" to which an exclusive license may apply when the contracting parties do not expressly provide for coverage of such future forms. *See Tele–Pac, Inc. v. Grainger,* 168 A.D.2d 11, 570 N.Y.S.2d 521 (1st Dep't.1991); *but cf. Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.,* 145 F.3d 481, 486 (2d Cir. 1998); *Bartsch v. Metro–Goldwyn–Mayer, Inc.,* 391 F.2d 150, 155 (2d Cir.1968). In any case, determining whether the licenses here in issue extend to ebooks depends on fact-finding regarding, *inter alia,* the "evolving" technical processes and uses of an ebook, *Random House,* 150 F.Supp.2d at 615 n. 5, and the reasonable expectations of the contracting parties "cognizant

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

of the customs, practices, usages and terminology as generally understood in the ... trade or business" at the time of contracting, *Random House*, 150 F.Supp.2d at 618 (*citing Sayers v. Rochester Telephone Corp. Supplemental Management Pension Plan*, 7 F.3d 1091, 1095 (2d Cir.1993)). Without the benefit of the full record to be developed over the course of the litigation, we cannot say the district court abused its discretion in the preliminary way it resolved these mixed questions of law and fact.

As to the alternative way of satisfying at least the second requirement for a preliminary injunction, *i.e.*, showing sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, here the balance of hardships tips, if anything, in appellees' favor. For while Random House expresses fears about harm to its goodwill if Rosetta is allowed to proceed with its sale of ebooks, Rosetta, whose entire business is based on the sale of ebooks, raises a reasonable concern that the proposed preliminary injunction will put it out of business or at least eliminate its business as to all authors who have executed similar contracts. As the district court found, such legitimate concerns outweigh any potential hardships to Random House, *see Random House*, 150 F.Supp.2d at 624, which, if it ultimately prevails on the merits, can recover money damages for any lost sales.

Thus, without expressing any view as to the ultimate merits of the case, the Court concludes that the district court did not abuse its discretion in denying Random House's motion for a preliminary injunction, and consequently the judgment is affirmed.