**LYNX VENTURES, LLC, d/b/a Forestworld, Plaintiff–Appellant,**

v.

**Richard MILLER and The Wood Exchange LLC, Defendants–Appellees.**

**Docket No. 02–7282.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2002.

Andrew D. Manitsky, Gravel and Shea (Norman Williams, on the brief), Burlington, VT, for Appellant.

Shapleigh Smith, Jr., Dinse, Knapp & McAndrew, P.C. (Douglas LeBrun, on the brief), Burlington, VT, for Appellees.

Present MESKILL, STRAUB and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is VACATED and the matter is **REMANDED**.

Plaintiff–Appellant Lynx Ventures, LLC, d/b/a Forestworld ("Lynx") appeals from an order of the United States District Court for the District of Vermont (William K. Sessions, III, *Chief Judge* ) denying Lynx's motion for a preliminary injunction to be entered against Defendants–Appellees Richard Miller and The Wood Exchange LLC. We vacate the order and remand for reconsideration.

Lynx owns a searchable database compiling, in encyclopedic fashion, descriptions of over 800 of the world's commercial wood species. The database, known as "Woods of the World" ("WOW"), is sold to consumers in compact disc format and is also available on the internet. In January 2002, Lynx initiated this lawsuit alleging that the defendants' competing wood database—The Wood Explorer ("TWE")—infringes on Lynx's copyright for WOW. Like WOW, TWE is accessed by users through compact disc and the internet; but unlike WOW, TWE compiles data on over 1600 species of commercial wood.

Lynx moved to preliminarily enjoin the defendants from continued copyright infringement, and after a hearing was conducted on January 25, 2002, the District Court denied the motion in a published Opinion and Order. *Lynx Ventures, LLC v. Miller,* 190 F.Supp.2d 652 (D.Vt.2002). The District Court found that Lynx had shown neither a likelihood of success on, nor sufficiently serious questions going to the merits because, although two components of WOW—its textual descriptions of each wood species' geographic distribution and heartwood color—are original and had been actually copied by the defendants, there existed no substantial similarity between the "total concept and feel" of the two databases. *Id.* at 658, 660–61, 662.

On appeal, Lynx argues that the District Court erred as a matter of law in using the "total concept and feel" test for discerning substantial similarity. We generally review the denial of a preliminary injunction for abuse of discretion. *Random House, Inc. v. Rosetta Books LLC,* 283 F.3d 490, 491 (2d Cir.2002) (per curiam). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision— though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 169 (2d Cir.2001).

To prevail on a copyright infringement claim, a plaintiff must prove *inter alia* that "the second work bears 'substantial similarity' to protected expression in the earlier work." *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,* 150 F.3d 132, 137 (2d Cir.1998). "The standard test in determining substantial similarity is the 'ordinary observer test': whether an average lay observer would overlook any dissimilarities between the works and would conclude that one was copied from the other." *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.,* 166 F.3d 65, 70 (2d Cir.1999). But where the allegedly infringed work contains both protectible and unprotectible elements, "the test must be 'more discerning,' excluding the unprotectible elements from consideration." *Id.* The District Court was therefore correct in recognizing that "the substantial similarity test is limited to the particular origi-

nal selection or arrangement afforded protection and does not extend to the facts themselves." 190 F.Supp.2d at 661. In other words, Lynx was required to demonstrate substantial similarity, not between the underlying facts contained in each database's textual descriptions of geographic distribution and heartwood color, but between the manner in which those facts were *presented.*

However, rather than compare the two databases' textual descriptions of geographic distribution and heartwood color, the District Court focused on the "total concept and feel" of the databases in their entirety. This was erroneous. We have never applied the total concept and feel test to instances where the alleged infringement involves the verbatim and wholesale copying of original text. Of our eleven decisions that do rely on the total concept and feel test, six involve visual designs, *see Boisson v. Banian, LTD.,* 273 F.3d 262 (2d Cir.2001) (quilt designs); *Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101 (2d Cir.2001) (jewelry designs); *Hamil Am., Inc., v. GFI,* 193 F.3d 92 (2d Cir.1999) (floral pattern); *Streetwise Maps, Inc. v. Vandam, Inc.,* 159 F.3d 739 (2d Cir.1998) (street maps); *Knitwaves, Inc. v. Lollytogs LTD. (Inc.),* 71 F.3d 996 (2d Cir.1995) (sweater designs); *Eden Toys, Inc. v. Marshall Field & Co.,* 675 F.2d 498 (2d Cir.1982) (stuffed toy snowmen), and the rest involve literary narratives, *see Williams v. Crichton,* 84 F.3d 581 (2d Cir.1996) (children's stories involving adventures with dinosaurs); *Walker v. Time Life Films, Inc.,* 784 F.2d 44 (2d Cir.1986) (autobiographical chronicle of police work and daily life in a violent neighborhood); *Warner Bros. Inc. v. Am. Broad. Cos., Inc.,* 720 F.2d 231 (2d Cir. 1983) (story of Superman); *Warner Bros. Inc. v. Am. Broad. Cos., Inc.,* 654 F.2d 204 (2d Cir.1981) (story of Superman); *Reyher v. Children's Television Workshop,* 533 F.2d 87 (2d Cir.1976) (story about child who reunites with lost mother).

We have acknowledged that not all of our various iterations of the substantial similarity test will be appropriate in every factual context. *See Castle Rock,* 150 F.3d at 139–41. Where the wholesale and verbatim copying of original text is at issue, as here, reliance on the total concept and feel test effectively immunizes the infringer who appends original material to plagiarized text. This flies in the face of what "Learned Hand declared long ago, [that] 'no plagiarist can excuse the wrong by showing how much of his work he did not pirate.'" *Nihon Keizai,* 166 F.3d at 72 (quoting *Sheldon v. Metro–Goldwyn Pictures Corp.,* 81 F.2d 49, 56 (2d Cir.1936)).

For purposes of this case, the District Court ought to have followed our approach in *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.,* a case involving twenty newspaper articles and allegedly infringing abstracts of those articles. There, we conducted the substantial similarity analysis by inquiring whether the defendants' copying of that which was protectible—the manner in which facts were presented— was "'quantitatively and qualitatively sufficient to support a finding of [copyright] infringement.'" *Id.* at 70 (quoting *Ringgold v. Black Entm't Television, Inc.,* 126 F.3d 70, 75 (2d Cir.1997)). We found all but two of the articles and abstracts substantially similar in both the qualitative and quantitative senses because

the [defendants'] abstracts appear to be direct, if not word-for-word, translations of the [plaintiff's] articles, edited only for clarity. The average ... abstract uses about two-thirds of the protectible material in the corresponding ... arti-

cle. The abstracts track the information in the articles sentence by sentence, in sequence; only occasionally do the abstracts combine two [of the plaintiff's] sentences, divide a sentence, or rearrange the facts among different sentences. [The defendants] adopt[ ], by and large, the exact same structure and organization of the facts reported by [the plaintiff].

*Id.* at 71.

Significantly, we deemed it simply irrelevant that the twenty infringing abstracts at issue in *Nihon Keizai* represented but a tiny fraction of the 17,000 total abstracts the defendant published that year. *Id.* at 72. We concluded that while a *de minimis* defense could be asserted when only small amounts of *the plaintiff's* original expression had been copied, no such defense was available just because the plaintiff's original expression happened to make up a small percentage of the *defendant's* total material.

Because the District Court erred as a matter of law by applying the total concept and feel test to this case, we vacate the order and remand for reconsideration on the sole issue of substantial similarity. The District Court is instructed individually to compare each textual description of geographic distribution or heartwood color in WOW alleged by Lynx to have been copied by the defendants with the corresponding textual description in TWE. In determining substantial similarity in the qualitative sense, the District Court should consider the nature of the copying—i.e., is it verbatim or mere paraphrasing? In determining substantial similarity in the quantitative sense, the District Court should consider the amount of Lynx's protectible expression copied by the defendants.

For the reasons set forth above, the order of the District Court is **VACATED** and the matter is **REMANDED**.