Francis CONTI, Plaintiff–Appellant,

v.

Glenn GOORD, Commissioner; George Duncan, Superintendent; Lester N. Wright, M.D.; Albert Paolano, Doctor; William Smith, Doctor, Defendants–Appellees.

Docket No. 02–0084.

United States Court of Appeals, Second Circuit.

March 14, 2003.

Francis Conti, Comstock, NY, for Plaintiff–Appellant, pro-se.

Julie M. Sheridan, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Peter H. Schiff, Senior Counsel, on the brief), Albany, NY, for Defendants–Appellees.

Present: CALABRESI, SACK, and CUDAHY,* Circuit Judges.

---

\* The Honorable Richard D. Cudahy, Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Appellant Francis Conti, *pro-se* and incarcerated, appeals from the district court's (Kahn, *J.*) denial of his motion for a preliminary injunction ordering specified treatments for his Hepatitis–C condition. We affirm.

## BACKGROUND

Conti brought his Section 1983 suit in June of 2001, alleging that Defendants, by denying treatment for his disease, were violating his Eighth Amendment right to be free from "cruel and unusual" punishment. *See* U.S. Const. amend. VIII. Defendants respond that, according to the terms of their Primary Care Practice Guidelines, they have properly withheld from Conti the preferred "Rebetron" drug therapy, on the basis of Conti's refusal to enroll in Defendants' Alcohol and Substance Abuse Treatment (ASAT) Program. Defendants assert that Rebetron treatment is "counter-productive, ill-advised, and potentially dangerous" for substance abusers, and that Conti, who has a history of drug and alcohol troubles, ought not to begin such therapy without concurrently participating in a substance-abuse program. Conti maintains that he has been demonstrably "clean" for more than ten years and, accordingly, that Defendants' explanation for their refusal to treat him is pretextual, and manifests a "deliberate indifference" to Conti's condition.

## DISCUSSION

"A party seeking a preliminary injunction in this Circuit must show: (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Random House, Inc. v. Rosetta Books LLC,* 283 F.3d 490, 491 (2d Cir. 2002) (per curiam). To prevail on his cruel-and-unusual punishment claim, Conti must establish both that his medical condition is "objectively serious," and that the defendants he seeks to hold liable acted with "deliberate indifference" to his medical needs. *See Brock v. Wright,* 315 F.3d 158, 162 (2d Cir.2003).

It appears that the district court, when it ruled on Conti's motion for a preliminary injunction, did not have before it any evidence to support a finding of "deliberate indifference." Because of this, we affirm the district court's ruling.

In particular, the court below lacked evidence that Conti's substance-abuse problems were, in fact, a thing of the past.[1] Conti has since produced documents showing that he successfully completed the ASAT Program in 1991, that he succeeded in a "12–step" program in 1992, and that he maintained involvement in an Alcoholics Anonymous program until the Great Meadow Correctional Facility put this program on hold in 1997. Conti has also submitted a response by Defendant Wright to a grievance submitted by another inmate, indicating that that inmate would receive Hepatitis–C treatment once he could establish that he had been "clean"

for six months. And Conti has secured affidavits from two inmates who state that they were given Hepatitis–C treatment without being required to participate in ASAT.

These documents raise the possibility that Conti will be able to establish "deliberate indifference" at trial, on the theory (a) that Defendants have applied their policy selectively, and adversely, to Conti; or (b) that the policy itself manifests "deliberate indifference," insofar as it entails denying treatment to prisoners who completed substance-abuse programs in the past and have since displayed no signs of drug or alcohol use. *Cf. Brock v. Wright,* 315 F.3d at 165–66 (explaining how deliberate indifference may be found on the basis of a medical treatment policy). Given the colorable merits of Conti's lawsuit, the district court may wish to contemplate appointing counsel.

We have considered Appellant's remaining arguments and find them without merit. Accordingly, the judgment of the district court denying a preliminary injunction is AFFIRMED.

---

1. Appellant brought a motion for reconsideration after his preliminary injunction was denied. In that motion, he argued for the first time that he should not be required to participate in the ASAT Program as a condition of his Hepatitis treatment, because he passed through that program successfully in 1991. Appellant has not appealed from the order denying his motion for reconsideration, so the propriety of the district court's ruling on that motion is not before us.