Richard R. QUINT, Plaintiff–Appellant,

v.

Theresa LANTZ, I/O, Comm of Corr, David Budlong, I/O, Dir, UCONN CMHC, John Tarascio, I/O, Warden, DOC, Maria Marta, I/O, Admin, UCONN CMHC, Rick Bush, I/O, Admin, UCONN CMHC, Mark Buchan- an, I/O, MD, Clinical Dir, UCONN CMHC, Edward Blanchette, I/O, UCONN CMHC, MD, Steven Stein, I/O, UCONN CMHC, Ricardo Ruiz, I/O, MD, UCONN CMHC, Dr. Silvas, I/O, UCONN CMHC, Ferrenelli, I/O, MD, UCONN CMHC, O'Halleran, I/O, MD, UCONN CMHC, Wright, I/O, MD, UCONN CMHC, Rich Newbould, I/O, MD, UCONN CMHC, Ganpat S. Chouhan, I/O, MD, UCONN CMHC, Abhijir Roychowdhurry, I/O, MD, UCONN CMHC, Castro, I/O, MD, UCONN CMHC, Rich Fury, Admin. C/O, Brian Hickock, Admin. I/O, Pillai Omprakash, I/O, Parker, Lt. I/O, Defendants–Appellees.

No. 06–2889–pr.

United States Court of Appeals, Second Circuit.

Sept. 20, 2007.

Richard R. Quint, Newtown, CT, pro se, for Appellant.

Steven R. Strom, Office of the Attorney General, State of Connecticut, Hartford, CT, for Appellees.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Appellant, *pro se,* appeals from an order of the United States District Court for the District of Connecticut (Dorsey, *J.*), denying Appellant preliminary injunctive relief. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues, which we reference only as necessary to explain our decision to affirm.

■ This Court reviews the district court's denial of a motion for a preliminary injunction for an abuse of discretion. *See Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 167 (2d Cir.2001). "A party seeking a preliminary injunction in this Circuit must show: (1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Random House, Inc. v. Rosetta Books LLC,* 283 F.3d 490, 491 (2d Cir.2002) (per curiam).

With regard to the requirement that Appellant show irreparable harm in the absence of an injunction, Appellant contends that the denial of effective pain medication, of a CAT scan or MRI, and of treatment by an orthopedic doctor, will continue to cause him to suffer irreparable harm. However, the evidence in the record does not support a claim that the proposed treatment options are medically necessary or would help alleviate Appellant's medical condition, which the medical records reveal is degenerative, rather than acute. Moreover, Appellant himself admits that he refuses to take any pain medication other than Tylenol # 3 because he

believes this is the only effective pain medication.

 In any event, even if Appellant could make a showing of irreparable harm absent an injunction, he fails to demonstrate a likelihood of success on the merits or sufficiently serious questions going to the merits. To prevail on a cruel-and-unusual punishment claim, a plaintiff must establish both that his medical condition is "objectively serious," and that the defendants he seeks to hold liable acted with "deliberate indifference" to his medical needs. *See Brock v. Wright*, 315 F.3d 158, 162 (2d Cir.2003). Appellant has not met that test.

With regard to Appellant's prior motion for a default judgment, which was transferred to this panel, given that Appellees failed to show good cause for failing to comply with this Court's initial scheduling order, the Federal Rules of Appellate Procedure provide that they "will not be heard at oral argument unless the court grants permission." *See* Fed. R.App. P. 31(c). However, since this case was submitted for the court's decision without oral argument, we need not determine whether permission should be granted for Appellees to be heard at argument. We have considered all of the Appellant's arguments on appeal and find them to be without merit. The judgment of the District Court is therefore AFFIRMED.