UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1860

BETHESDA SOFTWORKS, L.L.C.,

Plaintiff – Appellant,

v.

INTERPLAY ENTERTAINMENT CORPORATION,

Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge. (8:09-cv-02357-DKC)

Submitted: October 14, 2011     Decided: October 26, 2011

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Howard H. Stahl, FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP, Washington, D.C., for Appellant. Jeffrey F. Gersh, GERSH DERBY, Encino, California, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bethesda Softworks, L.L.C. ("Bethesda"), sought a preliminary injunction in the district court prohibiting Interplay Entertainment Corp. ("Interplay") from infringing Bethesda's copyrighted works relating to the "Fallout" video game series. The district court denied the motion. Bethesda appeals, arguing that the district court abused its discretion and misapplied the law in concluding that Bethesda failed to establish a likelihood of irreparable harm. We affirm.

We review the district court's resolution of a motion for preliminary injunction for abuse of discretion. WV Ass'n of Club Owners & Fraternal Servs. Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009). A district court abuses its discretion when it denies a preliminary injunction motion only if it bases its decision on an erroneous legal standard or clearly erroneous factual findings. Id.

"A preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997) (internal quotation marks and alteration omitted). Entitlement to relief is determined by considering four factors: (1) that the plaintiff "is likely to succeed on the merits," (2) that the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief,

2

[(3)] that the balance of equities tips in [the plaintiff's] favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). An injunction "is not granted as a matter of course," Salazar v. Buono, 130 S. Ct. 1803, 1816 (2010), and "whether to grant the injunction still remains in the 'equitable discretion' of the [district] court" even when a plaintiff has made the requisite showing. Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007).

First, Bethesda notes that the parties agreed that a breach of the Asset Purchase Agreement ("APA") would "result in irreparable injury for which there is no adequate remedy at law," such that "[Bethesda] shall be entitled to equitable relief" in the event of a breach. (J.A. 76).[1] Bethesda argues that, in light of the APA, the district court abused its discretion in concluding that Bethesda did not establish irreparable harm. However, as the Tenth Circuit concluded after canvassing extant case law, contractual agreements alone do not control the district court's exercise of its equitable discretion. See Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1266 (10th Cir. 2004)

---

[1] The citations to "J.A. [page number]" refer to the Joint Appendix filed by the parties in this appeal.

3

(identifying factors courts consider in determining whether plaintiff has established irreparable harm). The Second Circuit's decision in North Atlantic Instruments, Inc. v. Haber, 188 F.3d 38 (2d Cir. 1999), cited by Bethesda, is not to the contrary. Accordingly, we conclude that the district court did not abuse its discretion when it looked beyond the parties' stipulation to determine whether Bethesda had established irreparable harm.

Second, relying on Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691 (4th Cir. 1994), Bethesda argues that Interplay's insolvency establishes irreparable harm because, even if damages could adequately remedy the alleged infringement, Bethesda would be unable to recover in the event that Interplay enters bankruptcy. In Hughes Network Systems, we noted that a preliminary injunction is not normally available where the harm at issue can be remedied by money damages. Id. at 693-94. However, we stated that, "[e]ven if a loss can be compensated by money damages . . . , extraordinary circumstances may give rise to the irreparable harm required for a preliminary injunction." Id. at 694. We explained that such circumstances may exist where, for example, "the moving party's business cannot survive absent a preliminary injunction or where damages may be unobtainable from the defendant because he may become insolvent before a final

4

judgment can be entered and collected." Id. (internal quotations marks and alterations omitted). In the narrow circumstances in which preliminary injunctions are warranted despite the adequacy of money damages, injunctions are "carefully tailored, generally operating simply to preserve the plaintiff's opportunity to receive an award of money damages at judgment." Id.

Hughes Network Systems does not support the conclusion that Interplay's alleged insolvency warrants a finding of irreparable harm supporting the injunctive relief Bethesda seeks. "The traditional office of a preliminary injunction is to protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003). Hughes contemplates that insolvency may alter the status quo and undermine a court's ability to render a meaningful judgment. Hughes, 17 F.3d at 694. Thus, a preliminary injunction may be appropriate "to preserve the plaintiff's opportunity to receive an award of money damages at the judgment." Id. Here, the injunctive relief that Bethesda seeks would not preserve Interplay's assets such that Interplay could satisfy a judgment in the event Bethesda prevails on the merits.

5

Third, Bethesda argues that irreparable harm may be presumed at the preliminary injunction stage in a copyright case once the plaintiff has shown a likelihood of success on the merits. At one time, federal courts, including this circuit, presumed irreparable harm in copyright cases once the plaintiff established probable likelihood of success on the merits. See, e.g., In re Microsoft Corp. Antitrust Litig., 333 F.3d at 536; Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 532-33 (6th Cir. 2004); Elvis Presley Enters. v. Passport Video, 349 F.3d 622, 627 (9th Cir. 2003);[2] Random House, Inc. v. Rosetta Books LLC, 283 F.3d 490, 491 (2d Cir. 2002). In 2006, the Supreme Court declared such presumptions inappropriate. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006). Instead, courts are to apply the "well-established principles of equity" and grant injunctive relief only after a plaintiff satisfies the traditional four-factor test. Id. at 391. Although eBay concerned a patent dispute, the Supreme Court observed that its approach was "consistent with our treatment of injunctions under the Copyright Act," noting that the Court "has consistently rejected invitations to replace traditional

---

[2] The Ninth Circuit later held that the presumption no longer was valid. See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., __ F.3d __, __, 2011 WL 3659315, at *9 (9th Cir. 2011).

6

equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." Id. at 392-93.

Bethesda seeks to distinguish eBay as a permanent injunction case, inapplicable to its request for a preliminary injunction. Bethesda relies on the distinction between preliminary and permanent injunctions, noting that a permanent injunction requires a showing of irreparable harm whereas a preliminary injunction requires only a likelihood of irreparable harm. Bethesda argues that copyright infringement is likely to result, thereby meeting the preliminary injunction standard, due to the intangible nature of copyrights. Bethesda relies on our decision in Christopher Phelps & Associates, LLC v. Galloway, 492 F.3d 532 (4th Cir. 2007), as support for its position.

The Supreme Court's decision in eBay rested on principles of equity. See eBay, 547 U.S. at 391-92. Despite the differences between preliminary and permanent injunctive relief, the same equitable principles undergird courts' authority in each posture. The differences are therefore insufficient to warrant a presumption of irreparable harm with respect to preliminary injunctions but not permanent injunctions. See Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 544-46 & n.12 (1987) (rejecting presumption of irreparable harm upon violation of environmental statute and finding no

significant difference between preliminary and permanent injunction standards); Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). The Courts of Appeals to consider this question have held that eBay applies to permanent and preliminary injunctions with equal force. Flexible Lifeline Sys., Inc., __ F.3d at __, 2011 WL 3659315, at *7-*9; Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 34 (1st Cir. 2011); Salinger v. Colting, 607 F.3d 68, 77 (2d Cir. 2010). We agree with this conclusion.

Bethesda points to our observation in Phelps & Associates that "[i]rreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." Phelps & Assocs., 492 F.3d at 544. Bethesda argues that this language supports a rebuttable presumption because irreparable harm is likely to result from copyright infringement. However, this reading of Phelps & Associates is impermissibly broad. Following eBay, we ruled that "[i]nsofar as Phelps & Associates suggests that it is *entitled* to injunctive relief, we reject the argument." Id. at 543. We then analyzed the circumstances surrounding the infringement and concluded that Phelps & Associates had demonstrated irreparable harm. Id. at 544. Our conclusion was not based on the intangible nature of the copyright alone, as

8

such reasoning would lead to the very presumption that eBay prohibits, but on the circumstances surrounding the infringement.

Lastly, Bethesda argues that the district court misapplied the legal standard for preliminary injunctive relief by requiring Bethesda to identify with particularity each element of the copyrighted works being infringed and the resulting specific, tangible harm. We disagree with Bethesda's characterization of the district court's reasoning. Our review of the record leads us to conclude that the district court did not demand the high degree of particularity that Bethesda claims; rather it required that Bethesda demonstrate copyright infringement "that can be stopped or needs to be stopped before it causes irreparable harm to [Bethesda]." (J.A. 409). The district court found unconvincing Bethesda's claim that its alleged loss of intangible rights in the copyrighted material alone established irreparable harm because "[t]here is no evidence that the development has been made public to anybody. It is an internal development project. There can be no launch of an MMOG by Interplay without express permission from Bethesda." (J.A. 419). We conclude that the district court applied the proper standard. To the extent that Bethesda argues the nature of its intangible rights are such that the district court should have inquired no further than whether Interplay

9

infringed Bethesda's copyright, this position has been resolved to the contrary by the Supreme Court's decision in eBay.

Based on the foregoing, we affirm the order of the district court. We deny Bethesda's motion to file a supplemental appendix. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

10